UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVANH PHOUANGPHET,

        Petitioner,                      Case No. 1:17-CV-271

v.

                                           HON. GORDON J. QUIST

SHANE JACKSON,

        Respondent.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, Davanh Phouangphet, moved for writ of habeas corpus raising two issues: (1) the trial court erred in determining that evidence of Petitioner's mental health status should be barred; and (2) trial counsel was ineffective for failing to call expert witnesses. (ECF No. 1 at PageID.6–7.) On March 5, 2018, Magistrate Judge Kent issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus. In particular, the magistrate judge noted that Petitioner failed to exhaust his claims through all levels of Michigan's appellate system but that Petitioner had no further avenue of relief in the state courts. (ECF No. 19 at PageID.1379–80.) Because Petitioner's claims were procedurally defaulted, the magistrate judge considered whether Petitioner could establish cause and prejudice to excuse his failure to present his claims to all levels of Michigan's system. The magistrate judge found that Petitioner failed to offer cause for either claim, and even if Petitioner were able to establish cause, Petitioner could not show prejudice because his claims lack merit. (*Id.* at PageID.1380–82.)

Petitioner has filed an Objection to the R & R. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." After conducting a de novo review of the R & R, Petitioner's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Petitioner first argues that he exhausted his available state remedies because the trial court denied his motion for relief from judgment under Michigan Court Rule 6.500 "by order entered on October 6, 2015." (ECF No. 20 at PageID.1385–86.) However, Petitioner ignores the fact that he abandoned the first issue by failing to include it in his application to appeal the denial of his motion for relief from judgment to the Michigan Supreme Court (ECF No. 12-17, PageID.1329), and he raised the second issue (ineffective assistance of trial counsel) for the first time in his application for leave to appeal the denial of his motion for relief from judgment to the Michigan Court of Appeals, thus failing to present it to the trial court. Contrary to Petitioner's argument, he failed to exhaust his claims.

Petitioner next argues that the magistrate judge misconstrued his claim regarding the trial court's exclusion, pursuant to *People v. Carpenter*, 464 Mich. 223, 627 N.W.2d 276 (2001), of evidence of his diminished capacity. The magistrate judge found that Petitioner could not establish prejudice to excuse his procedural default because the exclusion of evidence was a matter of state law not cognizable in a federal habeas proceeding. Petitioner argues that the magistrate judge got it wrong, because Petitioner's claim was that the trial court's exclusion of evidence pursuant to *Carpenter* violated Petitioner's right to present a defense in violation of his right to due process. However, Petitioner fails to note that the magistrate judge observed that "[i]n *Metrish v. Lancaster*, 569 U.S. 351 (2013), the Supreme Court concluded that application of *Carpenter*, even retroactively, to preclude a diminished capacity defense did not violate due process." (ECF No. 19 at PageID.1382.) Thus, the magistrate judge correctly concluded that Petitioner's claim would lack merit even if presented as claim for denial of the right to present a defense. *See Burns v. Horton*, No. 17-2464, 2018 WL 2735576, at *2 (6th Cir. Apr. 20, 2018).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 5, 2018 (ECF No. 19) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objection (ECF No. 20) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **concluded**.

A separate judgment will enter.


Dated: June 27, 2018            /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE